NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE:<br>IN THE MATTER OF THOMAS RUSSO, II<br><br>    Debtor.<br><br>JOSEPH D. MARCHAND,<br><br>    Trustee/Appellant,<br><br>    v.<br><br>THOMAS RUSSO, II<br><br>    Debtor/Appellee. | Civil No.<br>13-03132 (RBK)<br><br>ON APPEAL FROM AN ORDER<br>OF THE UNITED STATES<br>BANKRUPTCY COURT FOR THE<br>DISTRICT OF NEW JERSEY<br><br>**OPINION** |

**KUGLER**, United States District Judge:

      This matter comes before the Court on the appeal of Trustee Joseph D. Marchand ("Trustee").  The Trustee appeals the Bankruptcy Court's Orders denying his motion to invalidate the exemption and the subsequent motion for reconsideration.  In the motions before the Bankruptcy Court, The Trustee asserted that Debtor and Debtor's counsel deceptively feigned cooperation in determining the basis for an annuity for several months, only to reverse course and insist that the Trustee was time-barred from objecting to Debtor's claimed exemption. The Bankruptcy Court found that the Trustee's objection was untimely and denied both the Trustee's motion and later motion for reconsideration.  Because the Court agrees that the Trustee failed to timely file an objection, the Orders of the Bankruptcy Court are **AFFIRMED**.

1

I. **BACKGROUND AND PROCEDURAL HISTORY**

Over twenty-five years ago, Thomas Russo II ("Debtor") was involved in a serious car accident, which caused multiple severe and permanent injuries. In order to settle the personal injury action, the defendants established an annuity for the Debtor. This annuity and its underlying justifications form the foundation of this dispute.

On November 4, 2011, the Debtor filed a voluntary Chapter 7 Bankruptcy petition, along with the accompanying Bankruptcy Schedules. Appellant Br. at 7. On Schedule B, which requires Debtors to list their assets (most of which will presumably become property of the estate), Debtor listed an "accident related annuity, not accessible until 2019" with a value of $140,000. Id. On Schedule C, on which a debtor lists the property they wish to reclaim as exempt, Debtor exempted the "accident related annuity" pursuant to 11 U.S.C. §522(d)(11)(E).[1] Id. According to the Debtor, the annuity was established to compensate him for lost future wages resulting from the accident. On December 19, 2011, the Trustee conducted the first meeting of creditors. Id. On or about December 22, 2011, the Trustee requested documents from Debtor's counsel related to the annuity. Id. Recognizing that the deadline for the Trustee to file objections to the Debtor's exemptions was looming, the parties later entered into a consent order to extend the deadline to May 17, 2012. Id. The parties did not enter any subsequent consent orders extending the time, nor did the Trustee petition the Bankruptcy Court to extend the filing deadline. Instead, the Trustee argues that both parties "operated under a mutual understanding that the Deadline would be extended until the Trustee completed his due diligence." Id. at 7-8.

---

[1] Section 522(d)(11)(E) permits a debtor to exempt "a payment in compensation for loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. §522(d)(11)(E).

After months of the Debtor's counsel and Trustee working to obtain information from the Debtor's former personal injury attorneys, Debtor's counsel finally provided an authorization form for the relevant files to be turned over to the Trustee. Id. at 8. On August 21, 2012, the Trustee received the files. The debtor's file includes a Demand for Settlement letter with the words "no economic expert" and the initials "MDL" hand-written on the first page. This notation is dated "8/23/12." In the letter, the Debtor's attorney states that "based upon the foregoing, and in light of the severe and permanent nature of the multiple injuries sustained by our client, for purposes of an expeditious and amicable resolution of this matter, we are willing to accept the sum of $650,000.00 in full and final settlement of this claim." Mot. to Liquidate Annuity, Ex. H.7 at 8-9.

On September 12, 2012, the Trustee held a supplemental 341 hearing. During the hearing, the Debtor recounted the events surrounding the accident. The Trustee also examined the Debtor on the jobs he had held since the accident and his current ability to work. According to the Trustee, the hearing "confirmed that there was no wage or economic loss resulting from the underlying accident and the loss was solely from injuries which are not exempt." Appellant Br. at 8. On December 20, 2012, the Trustee filed a Notice of Assets. Id. at 9. In January 2013, the Trustee received information on the estimated liquidation value on the annuity. That same month, Debtor's counsel corresponded with the Debtor and confirmed that the Debtor had not been responsive throughout the Chapter 7 proceeding. Id. Finally, in February 2013, Debtor's counsel advised the Trustee that he would not settle because the Trustee was time-barred from filing an objection to the Debtor's exemption. Id.

On February 25, 2013, the Trustee filed a motion to liquidate the annuity and invalidate the exemption. Id. In the motion, the Trustee argued that the exemption was improper and that the

motion was timely under Federal Rule of Bankruptcy Procedure 4003(b)(2).[2]  In opposition, the Debtor averred: "My recollection of our discussions was that the settlement award was structured for future payments designed to offset this expected reduced ability to earn an income." Certification of Debtor in Opp'n to Mot. to Liquidate Annuity ¶3.

On April 2, 2013, the parties appeared before the Honorable Gloria M. Burns for oral argument on the Trustee's motion.  During the hearing, the Bankruptcy Court found that the Trustee's objection was untimely and the court was barred from addressing the merits of the Trustee's motion.  The Trustee promptly filed a motion for reconsideration.  On April 30, 2013, the parties again appeared before the Bankruptcy Court.  The Trustee argued that the court had incorrectly applied the Supreme Court's decision in Taylor v. Freeland & Kronz et al., and that the Schwab v. Kelly decision actually governed the case.  503 U.S. 638 (1992); 130 S. Ct. 2652 (2010).  After hearing the parties' arguments, the Bankruptcy Court remained unconvinced and denied the Trustee's motion for reconsideration.  The Trustee then appealed to the District Court and sought a stay pending the appeal.

## II. LEGAL STANDARD

This Court has appellate jurisdiction over a final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, a district court cannot set aside the factual determinations of a bankruptcy court unless they are "clearly erroneous." Fed. R. Bankr. P. 8013; In re Cellnet Data Systems, Inc., 327 F.3d 242, 244 (3d Cir. 2003). A factual finding is clearly erroneous only where "the reviewing court on the

---

[2] Federal Rule of Bankruptcy Procedure 4003(b)(2) states: "The Trustee may file an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim of exemption.  The Trustee shall deliver or mail the objection to the debtor and the debtor's attorney, and to any person filing the list of exempt property and that person's attorney."  Fed. R. Bankr. P. 4003(b)(2).

entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

The Court reviews the Bankruptcy Court's legal conclusions *de novo* and applies a dual standard to mixed questions of law and fact. Id.; see also In re Brown, 951 F.2d 564, 567 (3d Cir. 1991) ("Mixed questions of law and fact must be divided into their respective components and the appropriate test applied."). An exercise of discretion by the bankruptcy court is conclusive unless it constitutes an abuse of discretion. See In re Vertientes, Ltd., 845 F.2d 57, 59 (3d Cir.1988).

### III. DISCUSSION

The Trustee raises two related arguments on appeal. The Trustee first argues that the Bankruptcy Court incorrectly applied Taylor and instead should have found Schwab dispositive. The Trustee also argues that the Bankruptcy Court erred in not finding that the time for filing was equitably tolled until the Debtor, through his counsel, admitted that he would not settle. The Court finds no reason to disrupt either the legal rulings or factual findings of the Bankruptcy Court. The Bankruptcy Court correctly found that the Trustee's motion was untimely under Taylor. Moreover, the Bankruptcy Court's factual finding that Debtor had not engaged in dilatory tactics was not clearly erroneous. Therefore, the Court will affirm the Bankruptcy Court's Orders.

The Trustee first argues that the Bankruptcy Court should have applied Schwab and found his objection timely. The Court will review this legal conclusion *de novo*.

The Bankruptcy Court found that the timeliness of the Trustee's objection was easily resolved under Taylor. In Taylor, the Supreme Court held that a trustee may not contest the validity of a claimed exemption after the 30-day period set forth in Rule 4003(b) has expired,

5

even when the debtor had no colorable basis for claiming the exemption.[3]  Taylor, 503 U.S. at 643-44.  In Schwab, the Supreme Court narrowed Taylor's scope and held that Rule 4003's 30-day timeframe only applies to objections based on three elements of a claimed Schedule C exemption: (1) the description of the exempted property; (2) the Code provisions governing the claimed exemptions; and (3) the amount listed in the column titled "value of claimed exemption."  In re Messina, 687 F.3d 74, 80 (3d Cir. 2012); see also Schwab, 130 S. Ct. at 2663.  Thus, after Schwab, "a trustee or other interested party has no obligation to object to an exemption claim unless the basis for that claim is found on the face of Schedule C."  Id. (citing Schwab, 130 S. Ct. at 2665).

   The Trustee's argument regarding the applicable Supreme Court precedent is somewhat muddled.  The Trustee first argues that Taylor is inapposite "because the debtor in Taylor did not declare a specific amount for the value of the asset that was exempted."  Appellant Br. at 12.  The Trustee appears to circumscribe Taylor to instances in which a debtor lists the value of a claimed exemption as "unknown."  According to the Trustee, there was no basis for objection until September 2012 "because the Debtor asserted that the Annuity was for the loss of future earnings."  Id. at 13.  The Trustee then asserts that his objection was not time-barred based on equitable factors set forth in the original motion.  Id.

   The Trustee's motion is indubitably untimely under Taylor.  As the Bankruptcy Court correctly found, the Trustee had a basis for objection based on the face of Schedule C and the debtor's claimed exemption.  The Debtor exempted $140,000 of an "accident related annuity"

---

[3] Federal Rule of Bankruptcy Procedure 4003(b) states: "[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.  The Court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."  Fed. R. Bankr. P. 4003(b)(1).

pursuant to the Bankruptcy Code provision exempting payments for loss of future earnings. The Trustee wanted to confirm that the annuity was actually for loss of future earnings and not for personal injury, which would have been subject to the limitations of 11 U.S.C. §522(d)(11)(D).[4] In order to preserve his right to object, the Trustee and Debtor entered a consent order to extend the deadline for filing an objection. However, the deadline lapsed and the parties never entered any additional consent orders. Put plainly, the Trustee inadvertently missed the deadline. Because he failed to object during the appropriate time, the Trustee "cannot now seek to deprive [the Debtor] of the exemption." Taylor, 503 U.S. at 644.

Despite the Trustee's protestations to the contrary, this case is not governed by Schwab. Though Schwab and Taylor both involve a challenge to the timeliness of a Trustee's objection, the Supreme Court decided each case on different grounds. As the Schwab court explains, "Taylor does not rest on what the debtor "meant" to exempt. Rather, Taylor applies to the face of a debtor's claimed exemption. . ." Schwab, 130 S. Ct. at 2665. In contrast, the Schwab decision focuses on the Bankruptcy Code's definition of "the property claimed as exempt" and encourages debtors to declare the value of a claimed exemption "in a manner that makes the scope of the exemption clear." Id. at 2668.

The Trustee also relies on the Third Circuit's decision in In re Messina, but this case similarly does nothing to save the Trustee's untimely objection. The Trustee argues that In re Messina "invalidat[ed] an exemption when the debtor did not cite to the proper Code section." Appellant Br. at 12. However, this is a mischaracterization of the Messina decision. In contrast, the Third Circuit affirmed that the debtors were not entitled to any proceeds from the sale of their

---

[4] Section 522(d)(11)(D) documents a debtor's right to receive property that is traceable to "a payment, not to exceed $15,000, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." 11 U.S.C. §522(d)(11)(D).

home where the debtors had only claimed an exemption in the equity and not the full value of the residence. In re Messina, 687 F.3d at 82-83. After the Trustee filed an avoidance action to invalidate a defectively recorded second mortgage, the Messina debtors sought some of the proceeds based on their claimed exemptions. Id. at 77. Because the debtors did not file the statutory exemption that would have allowed the debtor to benefit from the avoidance, the Third Circuit found that the avoidance of the mortgage was a separate asset from that which the debtors claimed as an exemption.[5] Id. at 83. The Third Circuit also found that, under Schwab, the Trustee was not bound by the 30-day time period because the debtors had not given sufficient notice of their intention to exempt the home's full value as opposed to their equity in the home. Id. at 85-86.

The Trustee attempts to contort Schwab and Messina to excuse his delayed filing. He asserts that because the exempted annuity may not fall within the purview of the cited statute, he was not bound by the statutory deadline of 30 days. This argument is unconvincing. This case is not analogous to a debtor exempting an interest within the statutory guidelines as in Schwab or a debtor claiming an exemption that turns out to be valueless as in Messina. Here, the Trustee had a basis for objection on the face of the debtor's Schedule C.[6] This legal conclusion is bolstered by the Trustee's own actions in extending the deadline to file objections until May 2012 so that

---

[5] The Messina debtors claimed exemptions under 11 U.S.C. §522(d), which exempts a debtor's interest in real property, as opposed to Section 522(g), which may have allowed the debtors to benefit from the avoidance action.

[6] As an aside, the Court is skeptical that the Trustee's motion would be timely even if he originally did not have a basis for objection. Under the Trustee's own narrative, he had a basis for objection in September 2012 after the supplemental 341 hearing. See Appellant Br. at 13. Yet the Trustee did not file the motion to invalidate the exemption until February 2013, five months later. Even accepting the Trustee's argument that he had no objection on the face of Schedule C, the Trustee provides no justification for the additional delay. If anything, the Trustee should have filed the motion to invalidate the exemption more promptly after the supplemental 341 hearing. Following the Trustee's argument to its logical conclusion, Schwab provides him unlimited time to object. Such a practice would clog Bankruptcy proceedings and belie the importance of an "expeditious and final disposition of assets" emphasized in both the Bankruptcy Code and the relevant precedent.

he could further investigate the basis for the annuity. Ignoring Taylor and excusing the Trustee's untimeliness would undermine a fundamental tenet of Bankruptcy law—the importance of an "expeditious and final disposition of assets." Schwab, 130 S. Ct. at 2668. The Supreme Court cautioned against such misinterpretation in Schwab and warned that the decision was not intended to create "perverse incentives for trustees or creditors to sleep on their rights." Id. at 2667.

In a last-ditch effort to preserve his claim, the Trustee argues that the Bankruptcy Court erred by not finding that the Debtor's alleged stall tactics equitably tolled the 30-day limitation. In order to receive the protections of the equitable tolling doctrine, the Trustee must demonstrate that he "has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Santos ex rel. Beato v. U.S., 559 F.3d 189, 197 (3d Cir. 2009). The Trustee's legal argument is predicated on a factual allegation that the Debtor actively misled him by pretending to cooperate. See Appellant Br. at 17. The Bankruptcy Court specifically addressed this allegation and found that the Debtor had not deceived the Trustee. The court stated:

> "I do not think that the actions of debtor's counsel kept the Trustee from doing it. I don't think there was misleading. I mean, and I am – I'd be the first one to tell you that if the debtor doesn't list an asset and hides it, and goes to the first meeting and lies about it, and then the Trustee discovers it, that, you know, the Trustee has all the time in the world that he or she needs to object to those things. But I don't find that kind of facts here. I find that there was, I guess maybe on both parties' part, just not paying attention to what it was until the matter came up to the forefront. And it is what it is right now."

Tr. April 30, 2013 Mot.for Recons. Hr'g at 30. The Bankruptcy Court made a factual determination that Debtor's counsel did not mislead the Trustee. Instead, the Bankruptcy Court found that both parties failed to recognize that the deadline had lapsed.[7] The Trustee has offered

---

[7] For this reason, the Court also rejects the Trustee's argument that Section 105 permitted the Bankruptcy Court to disallow the Debtor's claimed exemption. In Taylor, the Supreme Court recognized that several courts had ruled that "§105 permits courts to disallow exemptions not claimed in good faith," but did not rule on the issue because it

no further argument or evidence that this decision was clearly erroneous. The Trustee merely disagrees with the Bankruptcy Court. Therefore, this Court finds no reason to disrupt the original factual findings and will similarly reject the Trustee's equitable tolling argument.

The Trustee has raised several arguments on appeal that reduce to a request for the Court to help the Trustee correct an inadvertent error. The Court cannot do so. As the Supreme Court lamented: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Taylor, 503 U.S. at 644. This case represents an unwelcome result. The Bankruptcy Court was inhibited from determining whether the Debtor had taken an invalid exemption and creditors were potentially deprived of assets to satisfy outstanding debts. However, the deadlines imposed by the Bankruptcy code are important and must be enforced if the objectives of Bankruptcy are to be achieved in an efficient manner.

## IV. CONCLUSION

In light of the foregoing reasons, the Bankruptcy Court's Orders denying the motion to invalidate the exemption as time-barred and the subsequent motion for reconsideration are **AFFIRMED**. Because the Court affirms the Bankruptcy Court's Orders, the Trustee's motion to stay pending appeal is **DENIED**. An appropriate order shall issue today.


Date:  8/13/2013                                     /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

---

had not been raised before the lower courts. Taylor, 503 U.S. at 645. The Bankruptcy Court did not find any bad faith in this case. In denying the original motion, the Bankruptcy Court explained: "The debtor's position is, it was part of my claim, or my claim was, because I couldn't work as much from this serious accident, that some of it was designed to supplement my future income, and that's why it's in the form of an annuity. It certainly has some validity." Tr. April 2, 2013 Hr'g at 13. The Bankruptcy Court properly considered and rejected the Trustee's Section 105 argument. The Trustee now seeks for the Court "to do equity in derogation of the code and rules." Taylor, 503 U.S. at 645.